THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HATTENHAUER DISTRIBUTING CO., <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE AGRIBUSINESS INSURANCE CO., <br><br> Defendant. | No. 3:16-cv-1703-PK <br><br><br> **OPINION AND ORDER** |

**PAPAK, J.**

Plaintiff Hattenhauer Distributing Co. brings this action against Defendant Nationwide Agribusiness Insurance Co., claiming that Defendant breached its duties under a liability policy when it refused to defend Plaintiff in a lawsuit brought by Noble Roman's, Inc. (Noble Roman's) against Plaintiff. *Noble Roman's, Inc. v. Hattenhauer Distributing Co.*, No. 1:14-cv-01734-WTL-DML (S.D. Ind.) (filed Oct. 23, 2014) (the Underlying Action). In the Underlying Action, Noble Roman's claims that Plaintiff breached a franchise agreement by under-reporting revenue from sales of Noble Roman's products and by selling inferior pizza under the Noble Roman's

name.

The parties now file cross-motions for partial summary judgment[1] on Plaintiff's duty to defend claim. For the following reasons, I grant Defendant's motion for partial summary judgment and deny Plaintiff's motion.

## BACKGROUND

The following facts are from Noble Roman's complaint (the Complaint) in the Underlying Action. Stip. Facts, Ex. 3, 1-9, ECF No. 17-3. Plaintiff operates a combination convenience store and gas station in Goldendale, Washington, and a similar business in Wasco, Oregon. Complaint ¶ 5. In 2005, Plaintiff signed a five-year franchise agreement with Noble Roman's to sell Noble Roman's pizza at Plaintiff's Oregon store. The parties renewed the franchise agreement in 2011. In 2006, Plaintiff executed a ten-year franchise agreement to sell Noble Roman's pizza at Plaintiff's Washington store. Noble Roman's franchise agreements required that Plaintiff use only approved ingredients for pizza, including a proprietary cheese blend. Complaint ¶ 18.

Noble Roman's filed the Underlying Action in October 2014, alleging that "from January 2011 until very recently, [Plaintiff's] Oregon location had not been buying or using Noble Roman's proprietary blend of cheese for its Noble Roman's pizzas, and instead has been buying and using a different cheese that did not conform to Noble Roman's standards and specifications as required under the Franchise Agreements." Complaint ¶ 25. Noble Roman's alleged that "by selling inferior-quality pizza containing cheese that was not Noble Roman's proprietary pizza cheese to the public purportedly under the Noble Roman's name, [Plaintiff] has damaged Noble

---

[1] Defendant notes that although it titled its motion "Motion for Summary Judgment," the motion should be treated as for partial summary judgment because it addresses only the duty to defend and not the duty to indemnify. Def.'s Resp. 2 n.2, ECF No. 24.

Roman's reputation and goodwill, engaged in unfair competition, and breached the Franchise Agreements." Complaint ¶ 26. Noble Roman's asserted that Plaintiff "trade[d] unfairly upon Noble Roman's well-established goodwill and reputation by confusing the public as to the origin of its menu items, including the sale of non-conforming items at the Oregon location since January 2011 while holding itself out to the public as a vendor of Noble Roman's products." Compl. ¶ 28. Noble Roman's alleged that Plaintiff "has profited from its acts of unfair competition by purchasing an inferior and cheaper pizza cheese instead of the Noble Roman's proprietary blend of cheese." Compl. ¶ 29.[2]

I note that the district court in the Underlying Action recently granted Plaintiff's motion for summary judgment as to Noble Roman's federal unfair competition claim, concluding that the claim was barred by laches. *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 2017 WL 747536, at *3-*4 (S.D. Ind. Feb. 27, 2017) (*Noble Roman's*). The district court entered judgment after declining to exercise supplemental jurisdiction over the parties' remaining state law claims and counterclaims. *Id.* at *4; Underlying Action, ECF No. 211 (judgment entered Feb. 27, 2017).

## LEGAL STANDARDS

### I. Motions for Summary Judgment

The court must grant summary judgment when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Celotex Corp. v. Catrett,*

---

[2] According to the district court in the Underlying Action, Noble Roman's proprietary cheese was "a blend of mozzarella and Muenster cheese and dry oregano," and Plaintiff substituted "Golden California brand mozzarella cheese" at its Oregon store, while continuing to use the proprietary cheese at its Washington store. *Noble Roman's, Inc. v. Hattenhauer Distrib. Co.*, 2017 WL 747536, at *1 (S.D. Ind. Feb. 27, 2017).

Page -3- OPINION AND ORDER

477 U.S. 317, 322-23 (1986). The substantive law governing a claim or defense determines which facts are material. *See Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

## II. The Duty to Defend

The interpretation of an insurance policy is a question of law for the court. *St. Paul Fire & Marine Ins. Co. v. McCormick & Baxter Creosoting Co.*, 324 Or. 184, 192, 923 P.2d 1200, 1205 (1996). The insured has the initial burden of showing coverage exists, and the insurer has the burden of showing the policy excludes coverage. *Employers Ins. of Wausau v. Tektronix, Inc.*, 211 Or. App. 485, 509, 156 P.3d 105, 119 (2007).

An insurer has a duty to defend an action "if the complaint filed against the insured 'could, without amendment, impose liability for conduct covered by the policy.'" *U.S. Fid. & Guar. Co. v. Star Techs., Inc.*, 935 F. Supp. 1110, 1113 (D. Or. 1996) (quoting *Ledford v. Gutoski*, 319 Or. 397, 399-400, 877 P.2d 80, 82 (1994)). The court, considering only the allegations in the complaint, determines whether any of the allegations could support a covered claim against the insured. *Id.* "If the complaint is unclear or ambiguous and may be reasonably interpreted to include an incident within the coverage of the policy, the insurer has a duty to defend." *Id.* (citing *Oakridge Cmty. Ambulance Serv., Inc. v. United States Fid. & Guar. Co.*, 278 Or. 21, 24, 563 P.2d 164, 166 (1977)). The insurer must defend if the claims "fall both within and outside coverage of the policy." *Id.* (citing *Ferguson v. Birmingham Fire Ins. Co.*, 254 Or. 496, 507, 460 P.2d 342, 347 (1969)). "[I]n case of doubt, the insurer has a duty to defend; otherwise the insured would lose the benefit of his or her bargain." *West Hills Dev. Co. v. Chartis Claims, Inc.*, 360 Or. 650, 664, 385 P.3d 1053, 1061 (2016).

# DISCUSSION

## I. Coverage of "Advertising Injury"

Under Coverage B of the Policy[3], Defendant agreed to "pay those sums the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." Stip. Facts, Ex. 1, at 7 (Policy). As relevant here, "personal and advertising injury" includes "[i]nfringing upon another's copyright, trade dress or slogan in your 'advertisement.'" Policy at 16. The parties agree that to establish coverage under this Policy provision, Plaintiff must show Noble Roman's allegations in the Underlying Action could support (1) a claim for trade dress infringement under the Lanham Act, 15 U.S.C. §1125; (2) a showing that the trade dress infringement occurred in an advertisement; and (3) a causal connection between the alleged trade dress infringement and the advertising injury. *See* Def.'s Resp. 2, ECF No. 24; Pl.'s Mot. Summ. J. 15, ECF No. 19.

### A. Elements of a Claim for Trade Dress Infringement

"Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Clicks Billiards v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (citation and internal quotation marks omitted). "To state a claim for trade dress infringement, a plaintiff must show that its trade dress (1) is nonfunctional; (2) is either inherently distinctive or has acquired a secondary meaning; and (3) is likely to be confused with [the competing trade dress] by members of the consuming public." *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1166 (9th Cir. 2009) (citation and internal quotation marks omitted).

---

[3] Defendant issued five commercial general liability policies to Plaintiff each year from July 15, 2010 to July 1, 2015. The parties agree that the relevant provisions of the polices are effectively identical. Stip. Facts 2-3.

Here, Noble Roman's Complaint contains no allegations relevant to the first two elements of a claim for trade dress infringement: the protected matter is nonfunctional, and the protected matter is either inherently distinctive or has acquired a secondary meaning. The omission of these two elements shows that the Complaint does not state a claim for trade dress infringement.

As to the third element of a claim for trade dress infringement, likelihood of confusion, the Complaint's most relevant allegation states that Plaintiff "trade[d] unfairly upon Noble Roman's well-established goodwill and reputation by confusing the public as to the origin of its menu items, including the sale of non-conforming items at the Oregon location since January 2011 while holding itself out to the public as a vendor of Noble Roman's products." Compl. ¶ 28. The Complaint also alleges that Plaintiff sold "inferior-quality pizza containing pizza cheese that was not Noble Roman's proprietary pizza cheese in trade dress and packaging bearing the Noble Roman's trademark." Compl. ¶ 35.[4] I agree with Defendant that "[t]he only infringement Noble Roman's alleges pertains to the quality of the pizza inside the packaging, rather than the appearance of the packaging itself." Def.'s Resp. 9. I conclude that Plaintiff has failed to show the allegations in the Noble Roman's Complaint could state a claim for trade dress infringement. *See Treat, Inc. v. Dessert Beauty*, No. 05-cv-923-PK, 2006 WL 2812770, at *14 (D. Or. May 5, 2006) (granting motion to dismiss claim for trade dress infringement because the plaintiff failed to "specifically define the list of elements that comprise the trade dress").

In concluding that the Complaint does not allege a claim for trade dress infringement, I note that although the court construes ambiguous allegations in favor of coverage, the court may not supply missing allegations. "In evaluating whether an insurer has a duty to defend, the court

---

[4] Paragraph 35 is part of Noble Roman's breach of contract claim and not the federal unfair competition claim, but I consider it in evaluating whether there is a duty to defend.

Page -6- OPINION AND ORDER

looks only at the facts alleged in the complaint to determine whether they provide a basis for recovery that could be covered by the policy." *Ledford*, 319 Or. at 400, 877 P.2d at 82. This is because "[a]n insurer should be able to determine from the face of the complaint whether to accept or reject the tender of the defense of the action." *Id.* "'If the facts alleged in the complaint against the insured do not fall within the coverage of the policy, the insurer should not have the obligation to defend. If a contrary rule were adopted, requiring the insurer to take note of facts other than those alleged, the insurer frequently would be required to speculate upon whether the facts alleged could be proved.'" *Id.* (quoting *Isenhart v. General Cas. Co.*, 233 Or. 49, 54, 377 P.2d 26, 28-29 1962)).

### B. Trade Dress Infringement in an Advertisement

Even if the Complaint alleged the elements of a claim for trade dress infringement, Plaintiff must also show that the Complaint alleges that the trade dress infringement occurred in an advertisement. The Policy defines "advertisement" as "a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters." Policy 12. Interpreting a substantially identical policy, this court determined that "advertisement" means "an announcement (e.g., sign or placard) that communicates and/or disseminates information about goods or products to the general public or the specific market segment." *Crum & Forster Specialty Ins. Co. v. Willowood USA, LLC*, No. 6:13-cv-01923-MC, 2014 WL 5473816, at *9 (D. Or. Oct. 27, 2014).

Here, Plaintiff argues the Complaint's allegation that Plaintiff sold "inferior pizzas in distinctive Noble Roman's packaging" shows that the alleged trade dress infringement occurred in an "advertisement" because "use of Noble Roman's trade dress (the distinctive packaging) constituted a notice which was broadcast to the general public for the purpose of attracting

Page -7- OPINION AND ORDER

customers." Pl.'s Resp. 5. However, the Complaint does not allege that the pizza packaging was broadcast or published to the general public, only that Plaintiff sold pizza in packaging bearing Noble Roman's trademark.

This court has rejected Plaintiff's broad construction of "advertisement," finding that "the mere sale of a product bearing another's mark does not *reasonably* constitute an 'advertisement' under the policy." *Crum & Forster Specialty Ins.*, at *9 (original emphasis). As this court has noted, "a sale is not advertising activity; it is merely the desired result of advertising activity." *U.S. Fid. & Guar. Co. v. Star Techs., Inc.*, 935 F. Supp. 1110, 1116 (D. Or. 1996) (citation and internal quotation marks omitted)).

Plaintiff cites *Acuity v. Ross Glove Co.*, 817 N.W.2d 455 (Wis. Ct. App. 2012), but there the complaint at issue "expressly identifie[d] [the insured's] product packaging as a source of infringing activity." *Id.* at 462. The Complaint at issue here does not allege that the pizza packaging was used to attract customers. Noble Roman's unfair competition claim is based on Plaintiff's sales of allegedly inferior pizza, not on any advertising by Plaintiff. I conclude that the Complaint does not allege that the trade dress infringement occurred in "advertising" as defined by the Policy.

### C. Causal Connection Between Trade Dress Infringement and Advertising Injury

Plaintiff also must show that the Complaint alleges a causal connection between the trade dress infringement and the advertising injury. "An injury has no 'causal connection' if 'it could have occurred independent and irrespective of any advertising.'" *Crum & Forster Specialty Ins.*, at *10 (quoting *Simply Fresh Fruit, Inc. v. Continental Ins. Co.*, 94 F.3d 1219, 1222 (9th Cir. 1996)). Unless there is a causal connection, "'advertising injury coverage, alone, would encompass most claims related to the insured's business' because 'virtually every business that

sells a product or service advertises, if only in the sense of making representations to potential customers.'" *Id.* (quoting *Bank of the West v. Superior Court*, 833 P.2d 545, 560 (Cal. 1992) (internal quotation marks omitted)). "[A] causal connection is necessary to confine the scope of coverage to the reasonable expectation of the parties." *Id.*

Here, the injury to Noble Roman's was caused by Plaintiff's alleged use of inferior cheese, not by its use of Noble Roman's packaging. As the Ninth Circuit explained in interpreting a similar policy, "the *advertising activities* must *cause* the injury--not merely expose it." *Simply Fresh Fruit*, 94 F.3d at 1223 (original emphasis). I conclude that Plaintiff has failed to show coverage under Defendant's Policy for an advertising injury.

## II. Policy Exclusions

Even if the Complaint alleges an advertising injury as defined by the Policy, the Policy's exclusions bar coverage because Noble Roman's federal unfair competition claim (1) arises from a breach of contract, and (2) is based on statements of quality or performance.

### A. Exclusion for Breach of Contract

The Policy excludes coverage for "Breach of Contract," providing that there is no coverage for "'Personal and advertising injury' arising out of a breach of contract, except for an implied contract to use another's advertising idea in your 'advertisement.'" Policy, at 8. Here, Noble Roman's Complaint alleges injuries that arise out of Plaintiff's alleged breach of the franchise agreement provision requiring the use of proprietary cheese. The breach of contract exclusion applies here to bar coverage.

### B. Exclusion for Quality or Performance of Goods

The Policy excludes coverage for "Quality or Performance of Goods -- Failure to Conform to Standards," providing that there is no coverage for "Personal and advertising injury'

arising out of the failure of goods, products or services to conform with any statement of the quality or performance made in your 'advertisement.'" Policy, at 8. Here, Noble Roman's alleged injuries arose from Plaintiff's alleged sale of inferior pizza in packaging bearing Noble Roman's brand. In essence, Noble Roman's alleges injury based on Plaintiff's sale of pizza as Noble Roman's pizza while failing to meet the requirements of Noble Roman's ingredients. The claim is thus precluded by the exclusion for quality or performance of goods.

## CONCLUSION

Defendant's Motion for Summary Judgment, ECF No. 18, is GRANTED. Plaintiff's Motion for Partial Summary Judgment, ECF No. 19, is DENIED. The parties are to file a report within two weeks on the status of the Underlying Action and the effect, if any, on Plaintiff's duty to indemnify claim.

IT IS SO ORDERED.

Dated this 29th day of June, 2017.

Honorable Paul Papak
United States Magistrate Judge